## Dowell v. Commonwealth.

(Decided September 28, 1911.)

## Appeal from Metcalfe Circuit Court.

Appeals—Jurisdiction—Action to Test Validity of Ordinance.—An action to test the validity of an ordinance of a town, in the absence of a statute authorizing it, must be dismissed upon appeal, the amount in controversy being below the jurisdiction of this court.

J. R. BEAUCHAMP for appellant.

JAS. BREATHITT, Attorney General, CHAS. H. MORRIS for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Dismissing appeal.

Frank Dowell was arrested upon a charge of having been publicly drunk in the town of Edmonton. Thereafter he was tried in the Police Court and, under an ordinance of said town, found guilty, and his punishment fixed at a fine of one dollar and costs. The town attorney prosecuted the case. The fine was replevied for three months, one D. B. Dowell becoming surety upon the bond. When the bond became due execution was issued on it, and the question was then raised as to the right of the court to tax a fee of $5 for the town attorney. Upon an agreed state of facts the question as to whether or not the town attorney was entitled to have this fee taxed as a part of the costs was submitted to the circuit court for judgment. Upon consideration the circuit judge held that this taxed fee was a proper element of the costs in the case. Being dissatisfied with that finding, Frank Dowell has prosecuted an appeal to this court.

The Commonwealth insists that the appeal should be dismissed for want of jurisdiction. Section 347 of the Criminal Code provides that:

"The Court of Appeals shall have appellate jurisdiction in penal actions and prosecutions for misdemeanors, in the following cases only, viz.: If the judgment be for a fine exceeding fifty dollars, or for imprisonment exceeding thirty days; or, if the judgment be for the defendant, in cases in which a fine exceeding fifty dollars,

or confinement exceeding thirty days, might have been inflicted.''

The fine in this case was one dollar, and the fee taxed for the attorney five dollars, making a total of six dollars specified in the record. To this there was doubtless added the costs of the arresting officer, the presiding judge, and the clerk of his court; but the total amount could not by any possibility have been as much as fifty dollars, and, being less than that amount, no appeal lies. This is not a suit to test the validity of an ordinance of the town, and hence, in the absence of some statute expressly authorized it, this court is without jurisdiction.

Appeal dismissed.